**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**HOME-OWNERS INSURANCE CO.,** *et al.*,      CASE NO. 3:20 CV 1850

    Plaintiffs,

                                JUDGE JAMES R. KNEPP II

    v.

**TAUREAN J. SIMS,** *et al.*,

    Defendants.                                  **MEMORANDUM OPINION AND
ORDER**

### INTRODUCTION

Currently pending before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Midwest Construction Services, Inc., DBA Trillium Driver Solutions (hereinafter, "Trillium"). (Doc. 10). Plaintiffs have not filed an opposition, and the time to do so has expired. For the reasons set forth below, the Court grants the Motion.

### BACKGROUND

On August 19, 2020, Plaintiffs filed their Complaint in the instant matter. (Doc. 1). The Complaint states Plaintiffs Home-Owners Insurance Company and P&P Transportation Services, Inc. are both corporations organized under Michigan law with their principal places of business located in Lansing, Michigan and Constantine, Michigan, respectively. *Id.* at ¶1-2, 7.[1] It further states Defendant Trillium is a corporation organized under Michigan law with its principal place

---

1. The Complaint also states Plaintiff Home-Owners "is a domestic corporation licensed to sell insurance in the State of Ohio", Plaintiff P&P Transportation Services "is a domestic corporation authorized to conduct business in the State of Ohio" and Defendant Trillium "is a domestic corporation authorized to conduct business in the State of Ohio" (Doc. 1, at ¶1-3). Nowhere, however, does the Complaint allege any of these parties are incorporated under Ohio law or that Ohio is any's principal place of business.

of business in Kalamazoo, Michigan, *id.* at ¶3, 7, and Defendant Taurean J. Sims is a resident and citizen of Detroit, Michigan, *id.* at ¶6-7. Finally, the Complaint alleges the remaining Defendants in this case are corporations organized under the laws of New Jersey and Delaware, with principal places of business in New Jersey and Pennsylvania. *Id. ¶7,*

The Complaint states claims for negligence and vicarious liability based on a vehicle accident. *See id.* at 5-9. It asserts the basis for this Court's jurisdiction is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id.* at ¶7-8.

## DISCUSSION

"The district courts of the United States . . . are courts of limited jurisdiction. They possess only that power authorized by the Constitution and by statute." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (internal quotation marks and citation omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction". *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

Under the statute governing diversity jurisdiction, district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . ." 28 U.S.C. § 1332(a)(1).

For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

"It is axiomatic that there must be complete diversity between the parties of an action to support diversity jurisdiction." *U.S. Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085,

1089 (6th Cir. 1992). "Complete diversity" under § 1332 requires "that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010).

An examination of the Complaint clearly reveals a lack of complete diversity. There are citizens of Michigan on both sides of the lawsuit – that is, Plaintiffs on one side, and Defendant Trillium and Defendant Sims on the other. Plaintiffs have not responded to the Motion to Dismiss, and have not satisfied their burden to show jurisdiction is proper. *Kokkonen*, 511 U.S. at 377.

Diversity is only basis for subject matter jurisdiction alleged in the Complaint. Because diversity jurisdiction is lacking, there is no basis for federal court jurisdiction and this action must be dismissed.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that the Motion to Dismiss (Doc. 10) be, and the same hereby is, GRANTED.


s/ James R. Knepp II
UNITED STATES DISTRICT JUDGE